### GEORGE W. WOMACK *v.* ROBERT FLUKER.

The security cannot point out for discussion property which once belonged to his principal and was even mortgaged to secure the original holder of the notes sued on, when such property is no longer in the principal debtor's possession and has passed by successive conveyance into the hands of a third person.

APPEAL from the District Court of the parish of St. Helena, *Watterston*, J. *Julian E. Wilson*, for plaintiff. *Muse & Hardee*, for defendant and appellant.

SPOFFORD, J. The only question here presented by the defendant and appellant grows out of his plea of discussion.

Being sued as a surety merely he had a right to plead discussion, by complying with the requisites of the law.

"The surety who does require the discussion is bound to point out to the creditor the property of the principal debtor, and furnish a sufficient sum to have the discussion carried into effect. He must not point out the property of the principal debtor situated out of the State, nor the property which is in litigation, nor that which is mortgaged for the debt and no longer in the possession of the debtor." C. C. 3016.

It appears that the property pointed out for discussion by the security in this case, although it once belonged to his principal and was even mortgaged to secure the original holder of the notes sued upon, is no longer in the principal debtor's possession, but has passed by two successive conveyances into the hands of a third person.

It was not competent for the surety to point out property in this predicament for discussion.

Our Article 3016 is taken substantially from Article 2023 of the Napoleon Code. M. Troplong, commenting upon the latter Article, says : " Si les biens indiqués étaient passés par vente ou autre aliénation, dans les mains de tiers détenteurs, la caution ne serait pas fondée à en exiger la discussion." Du Cautionnement, No. 267.

It is, therefore, ordered, that the judgment appealed from be affirmed, with costs.